UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-315-RJC
(3:11-cr-230-RJC-1)

| | |
|---|---|
| WILLIAM SEDRICK ROLLERSON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), and the Federal Defender's Motion to Withdraw as Counsel, (Doc. No. 8).

**I.   BACKGROUND**

Petitioner pled straight up to a single count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See (3:16-cr-315, Doc. No. 14). The Presentence Investigation Report ("PSR") scored Petitioner's offense level as 33 because he qualified for enhanced sentencing under the Armed Career Criminal Act ("ACCA") with the following prior convictions for a violent felony or serious drug offense: South Carolina voluntary manslaughter, armed robbery, possession with intent to distribute cocaine base, burglary, and strong-arm robbery. (3:16-cr-315, Doc. No. 19 at ¶ 23). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (3:16-cr-315, Doc. No. 19 at ¶¶ 24-26). Petitioner had 16 criminal history points and a criminal history category of VI. (3:16-cr-315, Doc. No. 19 at ¶¶ 43-45). This resulted in an advisory guideline range of 180 to 210 months' imprisonment. (3:16-cr-315, Doc. No. 19 at ¶ 68).

The Court sentenced Petitioner as an armed career criminal to 180 months' imprisonment followed by three years of supervised release. (3:16-cr-315, Doc. No. 24). Counsel filed a memorandum brief on direct appeal. The Fourth Circuit Court of Appeals affirmed after reviewing the entire record and finding no meritorious issues for appeal. United States v. Rollerson, 538 Fed. Appx. 318 (4th Cir. 2013). The United States Supreme Court denied certiorari on January 13, 2014. Rollerson v. United States, 134 S. Ct. 951 (2014).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 10, 2016, arguing that he should be resentenced without the ACCA enhancement because his convictions for South Carolina burglary, robbery, and voluntary manslaughter are not violent felonies under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court granted Respondent's unopposed Motion to Stay the § 2255 proceedings pending the outcome of United States v. Doctor, No. 15-4764, and United States v. Weston, 15-4744. (Doc. Nos. 3, 4). On April 13, 2018, the Respondent filed a Motion to Dismiss because the decisions in United States v. Doctor, 842 F.3d 306 (4th Cir. 2016), *cert. denied*, 137 S.Ct. 1831 (2017), and United States v. Weston, 681 Fed. Appx. 235 (4th Cir. 2017), *cert. denied*, 2018 WL 1568083 (April 2, 2018), establish that Petitioner has at least three qualifying predicate offenses under ACCA. (Doc. No. 7). Appointed counsel has moved to withdraw because he can no longer make a non-frivolous argument for relief in light of Weston. (Doc. No. 8).

**II.    STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

ACCA provides for a minimum mandatory 15-year sentence for any defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C.A. § 924(e)(2)(B) (emphasis added).

The italicized portion of the definition is referred to as the residual clause. In Johnson, the Supreme Court announced that the residual clause is void for vagueness, which is a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

Petitioner argued in his § 2255 Motion to Vacate that his South Carolina convictions for robbery, burglary, and voluntary manslaughter do not qualify as "violent felonies" after Johnson.

3

He did not contest his prior conviction for possession with intent to distribute cocaine base. Therefore, he only needs two more predicate offenses to support the ACCA enhancement.

Fourth Circuit precedent is now clear that South Carolina convictions for strong-arm robbery and armed robbery remain violent felonies after Johnson. See Doctor, 842 F.3d at 312 ("… South Carolina robbery qualifies as a predicate violent felony within the meaning of the ACCA."); Weston, 681 Fed. Appx. 237 (concluding that, because the lesser offense of strong-arm robbery is a violent felony, South Carolina armed robbery is likewise a violent felony). Petitioner's Johnson claim is meritless and he has at least three prior convictions supporting the ACCA enhancement.

IV. **CONCLUSION**

For the foregoing reasons, the Court lifts the stay, grants Respondent's Motion to Dismiss, dismisses and denies Petitioner's § 2255 Motion to Vacate, and grants counsel's Motion to Withdraw.

**IT IS, THEREFORE, ORDERED** that:

1. The Order staying these proceedings, (Doc. No. 4), is lifted.

2. Respondent's Motion to Dismiss, (Doc. No. 7), is **GRANTED** and Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. The Motion to Withdraw as Counsel, (Doc. No. 8), is **GRANTED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 16, 2018

*[signature]*

Robert J. Conrad, Jr.
United States District Judge